## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23976-CIV-LENARD/REID
(Criminal Case No. 16-20611-Cr-Lenard)

**TERRENCE ANTHONY WILLIAMS,**

     Movant,

**v.**

**UNITED STATES OF AMERICA,**

     Respondent.

_____/

### ORDER ADOPTING IN PART, REJECTING IN PART, AND SUPPLEMENTING REPORT OF THE MAGISTRATE JUDGE (D.E. 20), DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (AS SUPPLEMENTED) (D.E. 1, 12), DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Lisette M. Reid issued September 3, 2020, ("Report," D.E. 20),[1] recommending that the Court deny Movant Terrence Anthony Williams's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ("Motion," D.E. 1), as supplemented, (D.E. 12, 16).  (See D.E. 18.)  Movant filed Objections to the Report, ("Objections," D.E. 21), to which the Government did not respond.  Upon review of the Report, Objections, and the record, the Court finds as follows.

---

[1]     The Court will cite to docket entries in this civil case as "(D.E. [#])," and will cite to docket entries in the underlying criminal case as "(Cr-D.E. [#])."

## I.    Background

On August 12, 2016, a Grand Jury sitting in the Southern District of Florida returned an Indictment charging Movant with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1).  (Cr-D.E. 1.)  The Eleventh Circuit succinctly summarized the facts giving rise to the Indictment as follows:

> On October 15, 2015, Mr. Williams was pulled over by a police officer after nearly causing an auto accident.  Upon asking for Mr. Williams' license and registration, the officer smelled marijuana coming from the vehicle.  The officer advised Mr. Williams of the odor and asked him to exit the vehicle. In response to the officer's questions regarding whether there was anything illegal in the vehicle, Mr. Williams identified a baggie of marijuana in the driver's side door.  The officer then searched the vehicle, and also discovered a loaded Walther P22 pistol in the center console between the two front seats, as well as a loaded Sig Sauer 9mm pistol in the spare-tire compartment of the trunk.  The serial numbers of the two firearms indicated that both had been reported stolen.
>
> Because Mr. Williams was a convicted felon, he was charged with violating § 922(g)(1).

United States v. Williams, 721 F. App'x 905, 906 (11th Cir. 2018).

On November 27, 2016, defense counsel filed a Corrected Motion to Suppress "all physical evidence obtained pursuant to the unlawful stop of Mr. Williams' vehicle and the search of his vehicle, which occurred on October 15, 2015 in Miami, Florida."  (Cr-D.E. 24 at 1.)  First, Movant argued that he was unlawfully seized by Trooper Pineda-Rodriguez ("Rodriguez") because he did not commit a traffic violation.  (Id. at 2.)  Second, he argued that Rodriguez unlawfully searched his vehicle because Rodriguez "could not have smelt [sic] marijuana in the car[.]"  (Id. at 3.)  Third, he argued that Rodriguez did not have

probable cause to search the trunk of the vehicle "because he did not have an articulable belief amounting to probable cause that he would find more marijuana in the trunk."  (Id.)

The Court referred the Motion to Magistrate Judge Jonathan Goodman, and on December 14, 2016, Judge Goodman held an held an evidentiary hearing on Movant's Motion to Suppress.  (See Tr. of Suppression Hr'g, Cr-D.E. 39.)  At the beginning of the suppression hearing, Movant submitted to the Court a handwritten, pro se Motion to Suppress Physical Evidence, (Cr-D.E. 28), and indicated that he wished to assert his supplemental claims 2, 3, and 4.  (Tr. of Supp. Hr'g, Cr-D.E. 39 at 4:6-8.)  In those claims, Movant argued that: (1) Trooper Rodriguez's statement that this was a "routine traffic stop" is not credible because, for example, he did not use overhead lights or sirens, contrary to standard operational procedure, (Cr-D.E. 28 at 1-2, 3); (2) Rodriguez was racially profiling when he pulled Movant over, (id. at 2, 3); and (3) Rodriguez did not have permission from a superior officer to perform traffic stops on foot, and did not otherwise have probable cause to pull Movant over, (id. at 2, 3-4).  Defense counsel explained that Movant wanted to include those claims in his Motion to Suppress, but defense counsel "determined not to file those."  (Tr. of Supp. Hr'g, Cr-D.E. 39 at 3:4.)  However, he asked that the Court colloquy Movant "about the aspect of the pro se pleading that he would like to put into the record."  (Id. at 3:7-9.)  Judge Goodman responded:

> **THE COURT:** All right. Let me just get a better feel for what you're telling me.
>
> I think what you're telling me is that Mr. Williams has asked you to advance certain arguments. You have listened to this argument, and in your professional opinion, you don't believe it's strategically wise at this point to raise those arguments.

**MR. RAVINDRAN:** Yes, Your Honor.

**THE COURT:** But, in fairness to Mr. Williams, you would like me to tell him what those concerns are.

**MR. RAVINDRAN:** Yes, Your Honor.

(Id. at 3:10-20.)  The Court then placed Movant under oath and Judge Goodman asked Movant about the arguments he wanted to assert in his motion to suppress.  (Id. at 3:21 – 4:5.)  When Movant explained that it was a written motion, Judge Goodman made a copy of the Motion and had it placed it on the docket.  (Id. at 4:6 – 5:10, 59:10 – 60:2.)

The testimony adduced at the suppression hearing revealed that on October 15, 2015, at approximately 5:00 PM, Florida Highway Patrol Trooper Randy Pineda-Rodriguez was conducting routine traffic stops for vehicles cutting across the apex of the median on the northbound entrance to Interstate 95 at State Road 441.  (Id. at 7:22-25, 8:1-3.) Rodriguez was standing on the shoulder of the highway facing the entrance ramp when he observed Movant's car emerge from the right lane and cut all the way over to the left lane, "cutting across the apex . . . and cutting off other vehicles who were driving around there." (Id. at 10:13-15.)  Rodriguez "immediately advised the driver to pull over[,]" (id. at 12:8), and Movant complied, (id. at 13:2).

Rodriguez approached the driver's-side window and asked for Movant's license, registration, and insurance.  (Id. at 13:3-4.)  Rodriguez testified on direct examination that while speaking with Movant, Rodriguez "noticed a small odor of marijuana coming from inside the vehicle."  (Id. at 13:6-7.)  Rodriguez could smell the marijuana "[a]s soon as [Movant] was rolling down the window[.]"  (Id. at 13:9-10.)  During cross-examination,

defense counsel indicated that Rodriguez's Police Report states that he detected a "strong" odor of marijuana.  (Id. at 29:19-20.)  Rodriguez agreed that the odor was "strong."  (Id. at 29:21-22.)  Whatever the case, Rodriguez advised Movant that he detected the odor of marijuana and asked him to step out of the vehicle.  (Id. at 14:5-7.)  Movant told Rodriguez that there was a small amount of marijuana in the door of the car.   (Id. at 14:8-10.) Rodriguez then conducted a search of the vehicle and found a clear plastic baggy containing marijuana inside the driver's side door handle.  (Id. at 14:23-25.)

While Movant was standing at the front of the car with Trooper Michael Diaz, Rodriguez continued his search, finding a handgun—a Walther P22 pistol, (id. at 37:19)— in the center console, (id. at 8-18.   One of the Troopers then called Dispatch to run the serial number on the handgun, which revealed that the gun had been stolen out of Georgia. (Id. at 16:6-18.)  At that point Movant was placed in handcuffs.  (Id. at 16:24-25.)

Rodriguez continued his search and discovered another handgun—a Sig Sauer pistol, (id. at 41:6)—in the spare tire compartment of the trunk, (id. at 17:8-11).  Rodriguez immediately asked Dispatch to run the serial number on the handgun, (id. at 17:25), which revealed that it, too, had been stolen, (id. at 19:23).

Rodriguez issued Movant a citation for crossing over the apex, and charged Movant with possession of marijuana (less than 20 grams), and possession of two stolen firearms. (Id. at 19:18-24.)

Miami-Dade Police Officer Michael Diaz—who was a Trooper with Florida Highway Patrol on the date of Movant's arrest—also testified at the suppression hearing. (See id. at 49:19-25, 50:1-4.)  Diaz testified that on the date in question he was conducting

traffic stops on the northbound entrance ramp to I-95 from U.S. 441.  (Id. at 50:19-20.)  He

observed Rodriguez instructing Movant to pull over and went over to assist Rodriguez.

(Id. at 51:2-11.)  When Diaz approached from the passenger side, he smelled a "strong odor

of marijuana coming from the side of the vehicle."  (Id. at 51:21-22.)  He observed

Rodriguez retrieve (1) a small baggy of marijuana from the vehicle, (2) a firearm that

Rodriguez indicated he found in the center console, and (3) a second firearm found in the

trunk "where the spare tire is."  (Id. at 52:18-22.)

The Government introduced into evidence a transcript of a recorded jailhouse

telephone call Movant made to a female.[2]  (See id. at 55:15-18.)  During the call, Movant

appears to admit that he cut across the apex of the median.  (See Tr. of Telephone Call, Cr-

D.E. 41-1 at 11:248-49.)

> Female:        . . . Were you get pulled at?
>
> Defendant:    Off 441 curve man.  Guy was right there on the corner of the
> curve.  The shit was backed up, you feel me?  And I was out of the line dawg,
> and the cracka pulled me. . . .

(Id.)  Movant also admits during the phone call that the officers found marijuana and two

guns in his vehicle.  (Id. at 13:322.)

After the close of evidence, Judge Goodman reviewed the pro se Motion to

Suppress, observed that it was "simply just an unsworn handwritten document signed by

[Movant]," and asked whether defense counsel wished "to do anything further" with it.

(Cr- D.E. 39 at 59:10-15.)  Defense counsel stated that it "speaks for itself" and declined

---

[2]        The Government attached a copy of the transcript to its Response to Movant's
Objections at Cr-D.E. 41-1.

to offer any further testimony or exhibits, (id. at 59:16-20); however, during his closing statements, defense counsel (1) challenged the credibility of Trooper Rodriguez, (2) suggested that Rodriguez was racially profiling when he pulled Movant over, and (3) argued that Rodriguez lacked probable cause to search the vehicle, (id. at 60:24 – 66:17)—all of which were relevant to the pro se Motion to Suppress.

At the end of the hearing, Judge Goodman indicated that he would be preparing a written report, but found that this was a legitimate, non-pretextual traffic stop and not "an impermissible illustration of racial profiling." (Id. at 66:22-25.) He further found both officers' testimony to be credible and that Movant drove across the apex, giving Rodriguez grounds to pull the car over. (Id. at 67:1-8.) He credited the officers' testimony that they smelled marijuana—a fact "made even more significant by the fact that the defendant himself confirmed to the officer that there was a small amount of marijuana in the car"—and therefore that the officers had probable cause to search the trunk of the car. (Id. at 67:7-21.)

On December 15, 2016, Judge Goodman issued his Report recommending that the Court deny both Motions to Suppress. (Cr-D.E. 35.) Consistent with his oral findings as the suppression hearing, Judge Goodman found that Rodriguez's testimony was credible and that Diaz's testimony corroborated much of Rodriguez's testimony. (Id. at 5.) Ultimately, Judge Goodman found that: (1) Rodriguez "made a lawful traffic stop after seeing Williams improperly drive his car over the apex during a routine FHP traffic enforcement action[,]" (id. at 6); (2) because Rodriguez and Diaz detected the odor of marijuana in the car, they had probable cause to search the car, (id. at 7); (3) once Rodriguez

found the gun in the center console and learned that it was stolen, he had probable cause to search the trunk (and probably had probable cause to search the trunk based solely on the marijuana he found in the door handle), (id. at 8); and, additionally, (4) the search of Movant's trunk—which was performed after Movant was placed under arrest for possession of marijuana and possession of a stolen firearm—was a lawful search incident to arrest because it was reasonable to believe that it contained evidence of the offense of arrest, (id.).  Judge Goodman further found that there was no evidence supporting Movant's claim of racial profiling and rejected the claim.  (Id. at 5-6.)

Movant submitted Objections to Judge Goodman's Report.  (Cr-D.E. 40.)  The Government filed a Response, (Cr-D.E. 41), to which Movant filed a Reply, (Cr-D.E. 42).

On January 27, 2017, the Court issued an Order Adopting the Report, Denying the Corrected Motion to Suppress, and Striking, or, Alternatively, Denying Movant's Pro Se Motion to Suppress Physical Evidence.  (Cr-D.E. 44.)  With regard to the pro se Motion to Suppress, the Court struck it pursuant to Local Rule 11.1(d)(4), which provides that when a party has appeared by attorney, "the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein . . . ."  (Id. at 9 (quoting S.D. Fla. L.R. 11.1(d)(4)).)  The Court further found that the pro se Motion failed on the merits for the reasons set forth in the remainder of the Court's Order.  (Id.)  Briefly, the Court found that the traffic stop was reasonable because Rodriguez had probable cause to believe that Movant committed a traffic violation, (id. at 10-11 (citing Whren v. United States, 517 U.S. 806, 810 (1996))); found that the officers had probable cause to search the vehicle under the automobile exception to the warrant requirement, (id. at 12 (citing United

States v. Johnson, 445 F. App'x 311, 313 (11th Cir. 2011))); and accepted Judge Goodman's finding that Rodriguez's testimony was credible, (id. at 13-14).

On March 3, 2017, Movant pled guilty to the Indictment pursuant to a written Plea Agreement to being a felon is possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (See Cr-D.E. 50, 52.) The Plea Agreement was supported by a written Factual Proffer that was signed by Movant, his attorney, and the Assistant U.S. Attorney. (Cr-D.E. 53.) The Factual Proffer states, inter alia, that on October 15, 2015, "Trooper Rodriguez witnessed the Defendant merging onto Interstate 95 North from State Road 441, and almost causing an accident by crossing over the apex and cutting off other vehicles." (Id. at 1.) After Movant pulled over, "Trooper Rodriguez smelled marijuana coming from the vehicle." (Id.) Movant told Trooper Rodriguez that there was a small bag of marijuana in the door. (Id. at 2.) Trooper Rodriguez then searched the vehicle and discovered a loaded Walther P22 pistol in the center console. (Id.) He placed Movant in handcuffs, continued to search the vehicle, and found a loaded Sig Sauer 9mm pistol in the spare-tire compartment of the trunk. (Id.) Ammunition was also found in the vehicle. (Id.)

Prior to sentencing the United States Probation Office prepared a Presentence Investigation Report. ("PSR," Cr-D.E. 57.) Relevant here, the PSR assigned three criminal history points for a prior conviction for lewd, lascivious, or indecent assault or act upon or in presence of a child ("lewd or lascivious assault") in Miami-Dade Case No. F98-18040C. (Id. ¶ 25.) Although initially adjudication was withheld on this charge, Movant violated his probation twice and was later sentenced to 366 days in state prison. (Id.) Movant also received three criminal history points for a second-degree murder conviction in Miami-

Dade Case No. F03-21366, (id. ¶ 29), and received two criminal history points for failing to register as a sex offender in Miami-Dade Case No. F14-11050, (id. ¶ 31).  The PSR reflected that Movant was subject to a statutory maximum of ten years' imprisonment pursuant to 18 U.S.C. § 924(a)(2), (id. ¶ 77); however, based upon a total offense level of 19 and a criminal history category of IV, Movant's advisory guideline imprisonment range was 46 to 57 months, (id. ¶ 78.)

Defense counsel asserted one objection to the PSR—specifically, he argued that the Court should not rely on the PSR's narrative descriptions of Movant's prior arrests and convictions because they were based on arrest affidavits and other related documents, and not based on "Shepard documents."[3]  (Cr-D.E. 56.)  At the sentencing hearing, defense counsel clarified that Movant was objecting only to the narrative description of his prior crimes, and was "not objecting to the guidelines calculations where criminal history – whether that should count."  (Tr. of Sentencing Hr'g, Cr-D.E. 67 at 3:16-23.)  Counsel later withdrew the objection as to Paragraphs 29 and 30 of the PSR, and the Court sustained the objection as to Paragraphs 25, 26, 27, and 28 of the PSR.  (Tr. of Sentencing Hr'g, Cr-D.E. 67 at 17:6 – 18:5.)

On March 29, 2017, the Court varied upward from the advisory guidelines range and sentenced Movant to 72 months' imprisonment to be followed by three years' supervised release.  (See Minute Entry for Sentencing Hr'g, Cr-D.E. 59; Tr. of Sentencing

---

[3]    Shepard v. United States, 544 U.S. 13 (2005).

Hr'g, Cr-D.E. 67 at 27:11-12.)  On March 30, 2017, the Court entered written Judgment. (Cr-D.E. 60.)

Movant appealed, (see Cr-D.E. 62), arguing that the Court's sentence was substantively unreasonable.  See United States v. Williams, 721 F. App'x 905, 905-06 (11th Cir. 2018).   On January 11, 2018, the Eleventh Circuit affirmed the Court's Judgment. Id. at 909.  Mandate issued February 13, 2018.  (Cr-D.E. 69.)

Movant timely filed the instant Motion on or about September 20, 2018.  (See Cr-D.E. 70 at 12; D.E. 1 at 12.)  Construed liberally, Movant raises the following claims:

1. Trial counsel and appellate counsel were ineffective for failing to investigate the arguments Movant wanted to assert in his Motion to Suppress, which caused him to have to file his own pro se Motion to Suppress, and for failing to object to the dismissed traffic citation which was used to establish probable cause for an "illegal stop."  (Mot. at 1, 13-15.)

2. Movant's Indictment violates the Double Jeopardy Clause.  (Id. at 5, 16.)

3. Trial counsel was ineffective for failing to object to the PSR's calculation of criminal history points.  (Id. at 6, 16.)

4. Prosecutorial misconduct and Giglio violation for submitting the dismissed traffic citation to establish probable cause.  (Id. at 8, 16-17.)

On or about August 12, 2019, Movant filed a Motion for Leave to Amend his Motion to add the following claim:

5. His sentence should be vacated in light of Rehaif v. United States, __ U.S. __. 139 S. Ct. 2191 (2019).

(D.E. 12.)  The Court initially denied the Motion to Amend, (D.E. 13), but later permitted the amendment, (D.E. 18).

On September 3, 2020, Judge Reid issued a Report recommending that the Court deny the Motion (as supplemented) on the merits.  (D.E. 20.)  On September 18, 2020, Movant filed Objections.  (D.E. 21.)

## II.   Legal Standards

### a.   Report and recommendation

Upon receipt of the Magistrate Judge's Report and Movant's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  The court must conduct a de novo review of any part of the Report that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made").  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error.  See Lombardo v. United States, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that [i]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.") (internal quotation marks and citations omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### b.     28 U.S.C. § 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment under 28 U.S.C. § 2255 are extremely limited. Relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation marks and citations omitted). Pursuant to Section 2255, a prisoner in federal custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. See United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). If a court finds a claim under Section 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Under the procedural default rule, a defendant is generally barred from raising claims in a 2255 proceeding that could have been raised on direct appeal, but were not. Lynn, 365 F.3d at 1234 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else

the defendant is barred from presenting that claim in a § 2255 proceeding.") (citations omitted).  "This rule generally applies to all claims, including constitutional claims."  <u>Id.</u> (citing <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)).  To overcome a procedural default arising from a claim that could have been, but was not raised on direct appeal, the movant must demonstrate either: (1) cause for not raising the claim of error on direct appeal <u>and</u> actual prejudice from the alleged error; or (2) actual innocence.  <u>Id.</u>  <u>See also</u> <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011).  The actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence."  <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citation omitted).

Finally, the burden of proof is on Movant to establish that vacatur of the conviction or sentence is required.  <u>Beeman v. United States</u>, 871 F.3d 1215, 1222 (11th Cir. 2017), <u>reh'g and reh'g en banc denied by</u>, <u>Beeman v. United States</u>, 899 F.3d 1218 (11th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 1168 (2019); <u>Rivers v. United States</u>, 777 F.3d 1306, 1316 (11th Cir. 2015); <u>LeCroy v. United States</u>, 739 F.3d 1297, 1321 (11th Cir. 2014).

### c.    Ineffective assistance of counsel

Insofar as Movant's claims involve allegations of ineffective assistance of counsel, the two-pronged test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) applies. "First, the defendant must show that counsel's performance fell below a threshold level of competence.  Second, the defendant must show that counsel's errors due to deficient performance prejudiced his defense such that the reliability of the result is undermined." <u>Tafero v. Wainwright</u>, 796 F.2d 1314, 1319 (11th Cir. 1986).

Under the first prong of the <u>Strickland</u> test, the defendant "must establish that no competent counsel would have taken the action that his counsel did take." <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Under the second prong, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. However, it is not enough for a defendant to show <u>only</u> a reasonable probability that the result of the proceeding would have been different; the defendant must also show that his attorney's errors deprived him of a fair trial. <u>Id.</u> at 687; <u>see also</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993). "To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." <u>Lockhart</u>, 506 U.S. at 369-70 (citation omitted). If a defendant fails to satisfy either of the <u>Strickland</u> prongs, the Court need not address the other. <u>Brown v. United States</u>, 720 F.3d 1316, 1326 (11th Cir. 2013) (citing <u>Windom v. Sec'y, Dep't of Corr.</u>, 578 F.3d 1227, 1248 (11th Cir. 2009)).

## III.   Discussion

Movant asserts five claims: (1) trial counsel and appellate counsel were ineffective for failing to investigate the arguments Movant wanted to assert in his Motion to Suppress, which caused him to have to file his own <u>pro se</u> Motion to Suppress, and for failing to object to the dismissed traffic citation which was used to establish probable cause for an "illegal stop," (Mot. at 1, 13-15); (2) Movant's Indictment violates the Double Jeopardy Clause, (<u>id.</u> at 5, 16); (3) trial counsel was ineffective for failing to object to the PSR's

calculation of criminal history points, (id. at 6, 16); (4) prosecutorial misconduct and Giglio violation for submitting the dismissed traffic citation to establish probable cause, (id. at 8, 16-17); and (5) his sentence should be vacated in light of Rehaif v. United States, __ U.S. __. 139 S. Ct. 2191 (2019), (D.E. 12).  The Court will discuss each in turn.

      **a.**    **Claim One: Ineffective assistance of counsel for failure to investigate arguments supporting motion to suppress and for failure to object to the dismissed traffic citation**

First, Movant argues that trial counsel and appellate counsel were ineffective for failing to investigate the arguments he wanted to assert in support of his Motion to Suppress, and for failing to object to the dismissed traffic citation which served as the basis for probable cause.  (Mot. at 4, 13-15.)

Judge Reid found that the claim was meritless.  (Report at 17-20.)  Specifically, she found that defense counsel declined to include Movant's arguments in the Motion to Suppress as a matter of professional judgment and matters of sound trial strategy do not amount to ineffectiveness.  (Id. at 19.)  Insofar as Movant asserted that appellate counsel was ineffective, Judge Reid found that the claim failed for failure to provide factual support.  (Id. at 20.)

In his Objections, Movant merely reasserts the claim he presented in his 2255 Motion:

> Counsel failed to assert Movant's claim that the trooper illegally seized Movant, and falsified arrest report which officer testified that he was "standing" by the apex on the highway but alleged that this was a "routine traffic stop" where trooper's testimony confirms that contrary to standard operational procedure he failed to use a trooper uniform, trooper body cam, dash cam, lights, siren and trooper vehicle where video footage is a factor at suppression.

(Obj. at 1.)

Initially, the Court finds this to be an improper objection.  A party cannot invoke the district court's <u>de novo</u> review of a magistrate judge's report and recommendation simply by repeating the same arguments made in briefs filed before the report was issued:

> A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does <u>nothing more than state a disagreement</u> with a magistrate's suggested resolution, or <u>simply summarizes what has been presented before</u>, is not an 'objection' as that term is used in this context."

<u>Holland v. Colvin</u>, No. 4:14–CV–194–VEH, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (quoting <u>VanDiver v. Martin</u>, 304 F. Supp. 2d 934, 937-38 (E.D. Mich. 2004)). Rather, "specific objections must be filed in writing explaining why the R & R is flawed." <u>Harden v. Ryan</u>, No. 11–CV–694–TUC–RCC (LAB), 2013 WL 1908352, at *1 (D. Ariz. May 7, 2013).   Objections must "identify something wrong with the R & R, either something in the R & R that should be different, or something omitted from the R & R that should have been included."  <u>Snipes v. Tilton</u>, No. 06CV2531–LAB (AJB), 2011 WL 766599, at *3 (S.D. Cal. Feb. 25, 2011).

Here, Movant's "objections" to Claim One are wholly insufficient.  For that reason alone they are overruled.

Second, the Court finds that Movant waived Claim One by pleading guilty.  After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, <u>United States v. Patti</u>, 337 F.3d 1317, 1320 (11th Cir. 2003),

attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411

U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or

challenge the constitutional effectiveness of the assistance he received from his attorney in

deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

Here, Movant is attempting to challenge the effective assistance of counsel prior to

his guilty plea—and specifically, counsel's effectiveness at (or prior to) the suppression

hearing.  By pleading guilty, Movant waived this claim.  Wilson, 962 F.2d at 997 (affirming

district court's summary dismissal of claim of ineffective assistance of counsel prior to

guilty plea).

Third, the claim fails on the merits because Movant has not shown that counsel's

failure to investigate or assert the claims Movant wanted him to assert in the Motion to

Suppress constitutes deficient performance.  The standard governing counsel's

performance is "reasonableness under prevailing professional norms."  Strickland, 466

U.S. at 688.   "'The purpose of ineffectiveness review is not to grade counsel's

performance,' but to determine whether that performance fell within the broad range 'of

what might be a reasonable approach at trial.'"  Marquard v. Sec'y for Dep't of Corrs., 429

F.3d 1278, 1304 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1313).  "Judicial scrutiny

of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.  "Courts

must 'indulge [the] strong presumption' that counsel's performance was reasonable and

that counsel 'made all significant decisions in the exercise of reasonable professional

judgment.'"  Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689).  "[C]ounsel

cannot be adjudged incompetent for acting in a particular way in a case, as long as the

approach taken 'might be considered sound trial strategy.'" Id. (quoting Darden v. Wainwright, 477 U.S. 168, 186 (1986)). Counsel's conduct may be found unreasonable only if petitioner shows "that no competent counsel would have taken the action that his counsel did take." Marquard, 429 F.3d at 1304 (quoting Chandler, 218 F.3d at 1315). "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Chandler, 218 F.3d at 1316.

Here, Movant's trial counsel, Arun Ravindran, has appeared before this Court numerous times, is imminently competent, and his actions are strongly presumed reasonable. See id. Mr. Ravindran explained at the suppression hearing that his decision not to include Movant's claims in the Motion to Suppress was a matter of trial strategy. (Cr-D.E. 39 at 3:10-20.) Movant has failed to establish that Mr. Ravindran's decision not to investigate and/or include Movant's supplemental arguments in his Motion to Suppress was unreasonable under prevailing professional norms—i.e., that no competent counsel would have failed to investigate and include his claims in the motion to suppress. See Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it.").

Counsel cannot be deemed deficient because the supplemental claims Movant wanted him to assert in the Motion to Suppress were baseless at best and frivolous at worst. In his supplemental claims, Movant argued that: (1) Trooper Rodriguez's statement that this was a "routine traffic stop" is not credible because, for example, he did not use

19

overhead lights or sirens, contrary to "standard operational procedure," (Cr-D.E. 28 at 1-2, 3); (2) Rodriguez was racially profiling when he pulled Movant over, (id. at 2, 3); and (3) Rodriguez did not have permission from a superior officer to perform traffic stops on foot, and did not otherwise have probable cause to pull Movant over, (id. at 2, 3-4).  Movant provides no evidence or argument that a traffic stop may only be described as "routine" if it involves, for example, red and blue lights and a siren, or that Florida Highway Patrolmen must have permission from a superior officer to perform a traffic stop on foot.  Finally, Judge Goodman explicitly found that there was no evidence to support a claim of racial profiling, (Tr. of Supp. Hr'g at 66:22-25; R&R on Mot. to Supp., D.E. 35 at 5-6), and the Court found that Trooper Rodriguez had probable cause to pull Movant over, (Cr-D.E. 44 at 12).  Therefore, Movant has not established deficient performance.  See Arceneaux v. Cain, Civil Action No. 06–3964, 2009 WL 917429, at *11 (E.D. La. Mar. 31, 2009) (finding that counsel could not be deemed ineffective for failing to assert an "utterly frivolous" claim).

Fourth, the Court finds that Movant failed to establish that counsel's decision not to investigate and include the supplemental claims in his Motion to Suppress resulted in prejudice.  To begin with, as previously discussed, the supplemental claims are baseless at best and frivolous at worst.  Because the claims were meritless, Movant cannot show prejudice for counsel's failure to investigate and assert them.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.") (quoting Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990)).  Regardless, although counsel decided not to include the

supplemental claims in his Motion to Suppress, he presented argument touching on the supplemental claims during the suppression hearing.  Specifically, after the close of evidence, defense counsel, <u>inter alia</u>, (1) challenged the credibility of Trooper Rodriguez, (2) suggested that Rodriguez was racially profiling when he pulled Movant over, and (3) argued that Rodriguez lacked probable cause to search the vehicle.  (<u>Id.</u> at 60:24 – 66:17.) Judge Goodman made findings on each of these arguments.  (<u>Id.</u> at 66:22 – 67:21.)  He incorporated these findings into his Report, (Cr-D.E. 35), and recommended that the Court deny the <u>pro se</u> Motion on the merits, (<u>id.</u> at 9).  The Court adopted Judge Godman's Report and Recommendation.  (Cr-D.E. 44.)  Although the Court struck the <u>pro se</u> Motion to Suppress as a violation of the Local Rules, the Court alternatively denied it on the merits. (<u>Id.</u> at 14.)  Because the Court addressed the merits of Movant's supplemental claims (and found them to be meritless), Movant cannot establish prejudice from defense counsel's decision not to include them in his Motion to Suppress.  <u>See</u> <u>Elso v. United States</u>, No. 07– 21313–CV, 2012 WL 1890715, at *16 (S.D. Fla. May 24, 2012) (finding that the movant could not establish <u>Strickland</u> prejudice for counsel's failure to timely file post-trial motions because the court alternatively denied the motions on the merits).

For all of these reasons, Claim One fails.

**b.    <u>Claim Two</u>: Double jeopardy**

In Claim Two, Movant argues that his Indictment violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because he was charged in Florida state court with being a felon in possession of a firearm and sentenced to five years in state prison.  (Mot. at 5, 16.)

21

Judge Reid found that successive prosecutions by different sovereigns do not violate the Double Jeopardy Clause.  (Report at 20-21.)

For the first time in his Objections, Movant argues that (1) a "structural error" occurred because the Government should have filed a motion to dismiss or afforded him a new trial, and (2) a Tenth Amendment violation occurred "when the Government overreached the state's sovereignty and indicted Movant for the state's offense of possession of a firearm . . . ."  (D.E. 21 at 1-2.)

Because Movant did not make these arguments to Judge Reid, the Court declines to consider them here.  Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

The Court finds that Movant forfeited his Double Jeopardy argument by not raising it by pretrial motion, United States v. Lewis, 492 F.3d 1219, 1222 (11th Cir. 2007), and that the claim is procedurally defaulted because Movant failed to raise it on direct appeal. Lynn, 365 F.3d at 1234 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.  This rule generally applies to all claims, including constitutional claims.") (citations omitted).  The Court further finds that Movant has failed to argue, much less demonstrate, (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error; or (2) actual innocence.  Id.  See also McKay, 657 F.3d at 1196.  And because the claim

also fails on the merits, Movant cannot demonstrate prejudice for his failure to assert it on appeal.

The Fifth Amendment's Double Jeopardy Clause provides: "No person shall . . . be twice put in jeopardy" "for the same offence." U.S. Const. amend. V. This clause prohibits the same government from twice prosecuting the same individual for the same offense, but does not prohibit different governments from prosecuting the same individual for the same offense. See United States v. Lanza, 260 U.S. 377, 382, 385 (1922). Under this "dual sovereignty" doctrine, "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" Heath v. Alabama, 474 U.S. 82, 88 (1985) (quoting Lanza, 260 U.S. at 382).

Because Florida and the United States are separate sovereigns, Movant's single act of possessing a firearm and ammunition on October 15, 2015 while having a prior felony conviction is "an offense against the peace and dignity of both" sovereigns and thus punishable "by each." Lanza, 260 U.S. at 382; see also Gamble v. United States, __ U.S. __, 139 S. Ct. 1960 (2019) (reaffirming "dual sovereignty" doctrine and holding that the defendant's prosecution in federal court for possession of a firearm by a convicted felon after an Alabama prosecution based on the same instance for possession of a firearm by a person previously convicted of a crime of violence did not violate double jeopardy clause); United States v. Williams, 347 F. Supp. 3d 1011, 1013 (N.D. Ala. 2018).

For all these reasons, this claim fails.

23

c.   **Claim Three**: **Trial counsel was ineffective for failing to object to the PSR's calculation of criminal history points.**

In Claim Three, Movant argues that trial counsel was ineffective for failing to object to the PSR's application of two criminal history points for Miami-Dade Case No. F14-11050.  (Mot. at 16.)  He argues that Case No. F14-11050 (in which he was convicted of failing to register as a sex offender) arose out of Case No. F98-18040 (in which he was convicted of lewd or lascivious assault), and therefore he should not receive criminal history points for both crimes.  (Id.)  He argues that without the two criminal history points for Case No. F14-11050, he would only have been a criminal history category III, and his advisory guidelines range would have been lower.

Judge Reid found that this claim fails because defense counsel objected to the calculation of all of Movant's criminal history points, (Report at 21 (citing Cr-D.E. 58)), and at the sentencing hearing renewed his objections and asked the Court not to consider the lewd or lascivious assault conviction, (id. (citing Cr-D.E. 67 at 4-7, 9-12)).)

Movant does not object to Judge Reid's findings as to Claim Three.  (See D.E. 21.)

The Court finds Judge Reid's findings to be clearly erroneous on this issue.  Defense counsel did not object to the calculation of all of Movant's criminal history points.  Counsel merely objected to "the Court's reliance on the alleged factual recitations obtained from 'non-Shephard' [sic] documents such as arrest affidavits."  (Cr-D.E. 56.)  At the sentencing hearing, counsel clarified: "In our objections, we objected to the Court considering the contents of Paragraphs 25 through 42 as to the specific allegations which come from non-Shepard documents. I just want to make clear that we are not objecting to the guidelines

24

calculation in the case." (Cr-D.E. 67 at 3:4-8.) Accordingly, the Court rejects the Report insofar as it finds that counsel objected to the PSR's criminal history points calculation.

However, the Court nevertheless finds this claim to be meritless because the PSR correctly applied two criminal history points for Movant's conviction in Case No. F14-11050 for failure to register as a sex offender. Pursuant to the United States Sentencing Guidelines then in effect:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a)  Add **3** points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b)  Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> . . .

U.S.S.G. § 4A1.1 (2016).

According to the PSR, movant was adjudicated guilty of failure to register as a sex offender in Case No. F14-11050 and served 98 days in jail. (PSR ¶ 31.) The criminal history points for this offense were not counted in Section 4A1.1(a). As such, the PSR correctly added two criminal history points for this offense under Section 4A1.1(b). (See id.) Movant has cited no authority, and the Court has found none, holding that it is error for a court to apply criminal history points for both (1) a prior sex offense and (2) a separate offense for failure to register as a sex offender. Therefore, counsel cannot be deemed deficient for not objecting to the calculation of Movant's criminal history points, and Movant cannot establish prejudice resulting from the alleged error.

For these reasons, this claim fails.

**d.**     **Claim Four**: **Prosecutorial misconduct and Giglio violation for submitting the dismissed traffic citation to establish probable cause**

In Claim Four, Movant argues that the Government committed prosecutorial misconduct and/or a Giglio violation when it introduced into evidence at the suppression hearing a traffic citation that had been dismissed in order to establish probable cause for the seizure.  (Mot. at 8, 17.)

Judge Reid found that the prosecutorial misconduct claim is procedurally barred because Movant failed to raise it on direct appeal and he has not shown cause for and prejudice from the default.  (Report at 23.)  She further found that the Giglio claim fails on the merits because the Government did not knowingly present false testimony or withhold evidence that would tend to impeach a Government witness.  (Id. ("The government can hardly be found to be withholding evidence of the citation when it was directly issued to Movant on the day of his arrest.").)  Judge Reid further found that the Court relied on other evidence at the suppression hearing to establish probable cause for the seizure.  (Id.)  She further found that whether the citation was ultimately dismissed is of no consequence because Movant admitted in his Factual Proofer and his plea colloquy that "Trooper Rodriguez witnessed the Defendant merging onto Interstate 95 North from State Road 441, and almost causing an accident by crossing over the apex and cutting off other vehicles." (Cr-D.E. 53.)   Thus, regardless of whether the citation was ultimately dismissed, the stipulated facts establish probable cause for the initial seizure. (Report at 23.)  And because Movant cannot demonstrate that the statements he made under oath during his plea

colloquy were false, his guilty plea must stand.  (Id. (citing Brady v. United States, 397 U.S. 742, 748 (1970)).)

Movant failed to assert Objections to Judge Reid's finding on this issue, and the Court finds that they are not clearly erroneous.  Consequently, the Court finds that this claim is procedurally barred and, alternatively, fails on the merits.

### e.      Claim Five: Rehaif claim

Finally, in his supplemental pleading, Movant argues that he is entitled to relief under Rehaif v. United States, __ U.S. __, 139 S. Ct. 2191 (2019).  (D.E. 12.)  In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm," 139 S. Ct. at 2200.

However, Rehaif (1) did not announce a new rule of constitutional law and (2) does not apply retroactively to cases on collateral review.  In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019)).  Accordingly, Movant is not entitled to relief on this claim.

Alternatively, even if Rehaif is retroactively applicable to cases on collateral review, see In re Wright, 942 F.3d at 1066 (Rosenbaum, J., concurring), Movant's claims have been waived, are procedurally defaulted, and/or fail on the merits.  First, to the extent that Movant argues that the Indictment was defective for failing to contain an essential element of the crime, Movant waived this argument by pleading guilty.  United States v. Stokeling, 798 F. App'x 443, 446 (11th Cir. 2020) (finding that the defendant had waived his Rehaif

claim that the Indictment was defective for failing to contain an essential element of the crime because his "plea of guilty waived all nonjurisdictional defects in his proceeding.") (citing United States v. Brown, 752 F.3d 1344, 1347 (11th Cir. 2014)).  To the extent that Movant argues that omission of the mens rea element from his Indictment constitutes "structural error," the claim fails.  Id. ("[T]he omission of a mens rea element from an indictment does not divest the district court of subject matter jurisdiction to adjudicate a criminal case.") (citing Brown, 752 F.3d at 1350-51, 1353-54).

Additionally, Movant procedurally defaulted his Rehaif claim by failing to assert it on direct appeal.  Lynn, 365 F.3d at 1234; McCoy, 266 F.3d 1245, 1258 (11th Cir. 2001). A movant's procedural default can be excused if he shows (1) cause and prejudice or (2) actual innocence.  McKay, 657 F.3d at 1196; Lynn, 365 F.3d at 1234.  However, Movant has not argued, much less shown, cause for failing to raise the claim on appeal or that he was prejudiced by such a failure.  The claim was not so novel that its legal basis was not reasonably available to counsel on appeal.  United States v. Lee, Criminal Action No. 1:18-00249-KD-B, 2020 WL 5412981, at *4 (S.D. Ala. Sept. 8, 2020) (citing Gayle v. United States, Case No. 19-cv-62904-BLOOM/Reid, 2020 WL 4339359, at *4 (S.D. Fla. July 28, 2020); Gilbert v. United States, CV 119-178, 2020 WL 4210632, at *8 (S.D. Ga. (S.D. Ga. June 23, 2020), report and recommendation adopted, 2020 WL 4208240 (S.D. Ga. Jul. 22, 2020); Dawkins v. United States, Case Nos. 20-80987-CV-BLOOM, 17-80095-CR-BLOOM, 2020 WL 4936978, *3 (S.D. Fla. Aug. 24, 2020)).

Even if Movant had argued and established cause for the default, he has not argued or shown prejudice from the default.  To demonstrate prejudice, Petitioner "must shoulder

the burden of showing, not merely that the errors at his trial [or sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).  Here, Movant had at least two prior convictions that were punishable by imprisonment of more than one year in Florida state court—specifically, lewd or lascivious assault upon or in presence of a child, (PSR ¶ 25), which, at the time of the offense, was a second degree felony punishable by up to fifteen years' imprisonment, Fla. Stat. ¶¶ 800.04, 775.082(3)(c) (1998); and second degree murder, (PSR ¶ 29), which, at the time of the offense, was a first degree felony punishable by up to life imprisonment, Fla. Stat. ¶¶ 782.04(b)(2) (1998).  These offenses were described in the PSR, and although Movant objected to the descriptions of the offenses contained in the PSR, he did not object to their inclusion in his criminal history.  "Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court 'with specificity and clarity.'"  United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (quoting United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006)).  As such, even if Movant had argued prejudice, he cannot establish it.  See United States v. Reed, 941 F.3d 1018, 1021-22 (11th Cir. 2019) (holding on direct appeal that the defendant could not establish prejudice from Rehaif error because "[w]hen Reed possessed the firearm, he had been convicted of eight felony convictions in a Florida court[,]" and "the jury could have inferred that Reed knew he was a felon from his stipulation and from his testimony that he knew he was not supposed to have a gun"); Lee, 2020 WL 5412981, at *4 (finding that 2255 movant asserting Rehaif claim could not establish prejudice from

procedural default because he had three prior convictions punishable by more than one year imprisonment).

Finally, Movant cannot show actual innocence because he did, in fact, possess a firearm and ammunition after being "convicted . . . of, a crime punishable by imprisonment for a term exceeding one year[,]" 18 U.S.C. § 922(g)(1), and specifically Florida lewd and lascivious acts and second-degree murder.  (See Factual Proffer at 2; PSR ¶¶ 25, 29.)

For these reasons, this claim fails.

## IV.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 20) is **ADOPTED IN PART, REJECTED IN PART, AND SUPPLEMENTED** consistent with this Order;

2. Movant Terrence Anthony Williams's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (D.E. 1), as supplemented, (D.E. 12), is **DENIED**;

3. A certificate of appealability **SHALL NOT ISSUE**;

4. All pending Motions are **DENIED AS MOOT**; and

5.    This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of October, 2020.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**